IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSHUA LEE WARD, JR.,

Plaintiff,

v.                                                    OPINION and ORDER

DAN DIACKER,                                          20-cv-993-jdp

Defendant.

Plaintiff Joshua Lee Ward, Jr., appearing pro se, is a prisoner at Columbia Correctional Institution. Ward alleges that, prior to his incarceration, he was fired from his job at a Days Inn because of his criminal record. He has made an initial partial payment of the filing fee as previously calculated by the court. The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must read Ward's pro se complaint generously, *see Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam), and accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

Ward states that in the summer of 2019, he was fired from the Days Inn after the owner, defendant Dan Diacker, discovered Ward's criminal record, which included convictions for second-degree sexual assault of a child and fourth-degree sexual assault. Diacker told Ward that "I cannot have people like you walking around cleaning rooms with kids in them." Dkt. 1, at 3. Diacker also shared Ward's record with other people in what Ward says was an attempt to "slander" him. *Id.* at 3. Ward says that he is suing Diacker for "punitive damages, discrimination, harassment, slander, defamation of character, deliberate indifference, violation

of [his] constitutional rights, pain and suffering, and violation of [his] equal protection rights." *Id.*

Federal courts are courts of limited jurisdiction, which means they can entertain only certain types of cases. *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Generally, a plaintiff suing in federal court must show either that he is raising a federal claim, 28 U.S.C. § 1331 (known as federal-question jurisdiction), or that he and the defendants are citizens of different states and that more than $75,000 is in controversy, 28 U.S.C. § 1332 (known as diversity jurisdiction).

Ward doesn't state any federal claims against Diacker. Diacker isn't a public official acting under color of law, so he cannot be sued for violating Ward's civil rights in an equal protection claim or other constitutional claim under 42 U.S.C. § 1983. Federal employment-discrimination cases are often brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1), makes it unlawful for an employer to "fail or refuse to hire . . . or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin." But Ward alleges that he was discriminated against because of his criminal record, which isn't covered under Title VII.

Here, Ward alleges that both he and Diacker are Wisconsin citizens, and he doesn't sue Days Inn itself. So he does not fulfill the requirements for diversity jurisdiction. Even if he had fulfilled those requirements, he doesn't state a state-law claim. Although in some circumstances the Wisconsin Fair Employment Act prohibits discrimination in employment because of conviction record, *see* Wis. Stat. § 111.31, that law "does not afford [a] plaintiff a general private right of action, unless [he] brings a claim for discrimination occurring between July 1, 2009, and April 19, 2012." *Sharp v. Stoughton Trailers, LLC*, No. 15-cv-598, 2016 WL 3102241,

at *3 (W.D. Wis. June 2, 2016). Because Ward's claims arise out of his summer 2019 termination, he cannot obtain relief in a court under WFEA. Rather, he must seek relief for violations of that statute with the Wisconsin Department of Workforce Development's Equal Rights Division. *Id.* at *2.

Under Wisconsin law, "a defamation claim involves three elements: '(1) a false statement; (2) communicated by speech, conduct or in writing to a person other than the person defamed; and (3) the communication is unprivileged and tends to harm one's reputation.'" *Hussain v. Ascension Sacred Heart–St. Mary's Hosp., Inc.*, No. 18-cv-529-wmc, 2019 WL 5310677, at *10 (W.D. Wis. Oct. 21, 2019) (quoting *Torgerson v. Journal/Sentinel, Inc.*, 210 Wis. 2d 524, 534, 563 N.W.2d 472 (1997)). Ward does not allege that the criminal-record information Diacker shared with others was false, so he does not state a defamation claim.

Because Ward doesn't state a claim that can be heard by this court, I will dismiss the case in its entirety. And because Ward was a prisoner when he filed this lawsuit, I will assess him a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment accordingly and close the case.

3. Plaintiff is assessed a strike under 28 U.S.C. § 1915(g).

Entered January 6, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge